IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| NOU XIONG, ET AL., § | |
| § | |
| Plaintiffs, § | |
| § | |
| v. § | Civil Action No. 4:25-CV-00558-O |
| § | |
| DONALD J. TRUMP, ET AL., § | |
| § | |
| Defendants. § | |

## ORDER

Before the Court is Petitioner's Emergency Application for a Temporary Restraining Order (ECF No. 3), filed May 25, 2025. Having considered the applicable law, Petitioner's Motion is **DENIED**.

I. **BACKGROUND**[1]

Petitioner V.L. is a Hmong man in immigration custody. Petitioner was being held at Prairieland Detention Center in Alvarado, Texas, but was notified at 1 AM on Sunday, May 25, 2025, that he was being removed to Laos. Petitioner asserts that his removal to Laos would pose grave danger to his life as he lacks any family, relatives, or connections in Laos.

On May 25, 2025, Petitioner filed a petition for writ of habeas corpus, alleging he is being held in actual or constructive military detention and is being treated as a prisoner of war. That same day, the Court issued an Order directing Respondents to ensure that Petitioner is not removed from the United States.[2] Also that same day, Petitioner filed a Motion for an Emergency Application for a Temporary Restraining Order ("TRO"),[3] which seeks to enjoin Respondents

---
[1] Unless otherwise cited, the Court's recitation of the facts is taken from Petitioner's Petition for Writ of Habeas Corpus. *See* Pet., ECF No. 1.
[2] *See* May 5, 2025, Order, ECF No. 2.
[3] *See* Pet'r Mot. TRO, ECF No. 3.

1

from removing Petitioner and any proposed class members[4] outside the United States pursuant to the Alien Enemies Act ("AEA").[5]

A flurry of procedural activity has since followed Petitioner's Motion for a TRO. Petitioner filed an emergency notice on May 26, 2025, informing the Court that Petitioner was put on a flight bound for a location outside the United States, but was still in Respondents' custody.[6] Later that same day, Petitioner filed an additional notice, clarifying that the flight transporting Petitioner and proposed class members landed in Hawaii.[7] The subsequent destination of the plane is unknown.[8] In response to Petitioner's Motion for a TRO, Respondents request the Court modify its May 25, 2025, Order to allow for Petitioner's removal to Laos under non-AEA authorities.[9]

The Court addresses Petitioner's Motion for a TRO and Respondents' request for modification.

## II. LEGAL STANDARD

The decision to grant or deny injunctive relief is committed to a district court's discretion. *Miss. Power & Light Co. v. United Gas Pipe Line*, 760 F.2d 618, 621 (5th Cir. 1985). The purpose of a TRO is "to preserve the status quo until there is an opportunity to hold a hearing." 11A CHARLES ALAN WRIGHT, ET AL., FEDERAL PRACTICE AND PROCEDURE § 2951 (3d ed. 2005). "A TRO is simply a highly accelerated and temporary form of preliminary injunctive relief, which requires that the party seeking such relief establish the same four elements for obtaining a

---

[4] Petitioner brought this action under both Federal Rules of Civil Procedure 23(a) and 23(b)(2) on behalf of himself and a class of all other persons similarly situated. *See* Pet. 47, ECF No. 1. On May 26, 2025, Petitioner filed a Motion for Class Certification. *See* Pet'rx Mot. Class Certification, ECF No. 5.
[5] Pet'r Motion TRO 2, ECF No. 3.
[6] *See* Pet'r App. Supp. Notice Ex. 2 (Schroeder Decl.), ECF No. 6-2.
[7] *See* Pet'r Notice 1–2, ECF No. 9.
[8] *Id.*
[9] Gov't Req. Clarification 1–2, ECF No. 11.

preliminary injunction." *Greer's Ranch Café v. Guzman*, 540 F. Supp. 3d 638, 644–45 (N.D. Tex. 2021) (internal quotation marks and citation omitted).

The Fifth Circuit set out the requirements for a preliminary injunction in *Canal Authority of Florida v. Callaway*, 489 F.2d 567, 572 (5th Cir. 1974). To prevail on a preliminary injunction, the movant must show: (1) a substantial likelihood that the movant will ultimately prevail on the merits; (2) a substantial threat that the movant will suffer irreparable injury if the injunction is not granted; (3) that the threatened injury to the movant outweighs whatever damage the proposed injunction may cause the opposing party; and (4) that granting the injunction is not adverse to the public interest. *Id.*; *see also Nichols v. Alcatel USA, Inc.*, 532 F.3d 364, 372 (5th Cir. 2008).

### III.  ANALYSIS

Petitioner requests this Court issue a TRO thereby enjoining Respondents from removing Petitioner and proposed class members outside the country under the AEA.[10] Because Petitioner cannot demonstrate a substantial likelihood of success on the merits, Petitioner's Motion for a TRO is **DENIED**.

For the Court to provide Petitioner his requested relief, Petitioner must demonstrate a substantial likelihood of success on the merits. "To show a likelihood of success, the plaintiff must present a prima facie case, but need not prove that he is entitled to summary judgment." *Daniels Health Scis., L.L.C. v. Vascular Health Scis., L.L.C.*, 710 F.3d 579, 582 (5th Cir. 2013). "There is authority that the first factor—likelihood of success on the merits—is the most important of the preliminary injunction factors." *Mock v. Garland*, 75 F.4th 563, 587 n.60 (5th Cir. 2023).

Here, Petitioner seeks to enjoin Respondents' removal of Petitioner and proposed class members under the AEA.[11] Respondents, though, have proffered evidence that Respondents are

---

[10] Pet'r Motion TRO 2, ECF No. 3.
[11] *Id.*

3

effectuating Petitioner's removal under the Immigration and Nationality Act ("INA"), *not* the AEA.[12] Specifically, Respondents explain that Petitioner was previously convicted for attempted murder in California,[13] and an Immigration Judge subsequently ordered Petitioner be removed to Laos.[14]

Based on the foregoing, Petitioner fails to establish a likelihood of success on the merits as it pertains to the AEA. Respondents may effectuate Petitioner's and proposed class members' removals pursuant to the INA. *See A.A.R.P v. Trump*, No. 24-1177, 2025 WL 1417281, at *4 (U.S. May 16, 2025) ("The Government may remove the named plaintiffs or putative class members under *other lawful authorities*." (emphasis added)). And because Petitioner has not carried his burden to establish a substantial likelihood of success on the merits, there is no need for the Court to examine the remaining elements required for injunctive relief. *See Walgreen Co. v. Hood*, 275 F.3d 475, 477 (5th Cir. 2001) (explaining that because the plaintiff failed to demonstrate the first element, there was no need for the court to "reach the other three criteria for granting a preliminary injunction.").

## IV. CONCLUSION

Because Petitioner fails to carry his burden to demonstrate a substantial likelihood of success on the merits as to the AEA, the Court **DENIES** Petitioner's Motion for a TRO (ECF No. 3). The hearing scheduled for May 27, 2025, is **CANCELLED**.

**SO ORDERED** this **26th day** of **May, 2025**.

Reed O'Connor
UNITED STATES DISTRICT JUDGE

---

[12] Gov't Req. Clarification 1–2, ECF No. 11.
[13] *Id* at 8.
[14] *Id.* at 4–7.

4