IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| NOU XIONG, ET AL., | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | Civil Action No. 4:25-CV-00558-O |
| | § | |
| DONALD J. TRUMP, ET AL., | § | |
| | § | |
| Defendants. | § | |

**ORDER**

In Respondents' Response to Petitioner's Renewed Emergency Application for a Temporary Restraining Order, Respondents argue that the Court should dismiss this action for lack of jurisdiction. Upon reviewing the applicable law and available briefing, the Court hereby **DISMISSES without prejudice** Petitioner's claims.

I.   **BACKGROUND**

The underlying facts of this case are well-known and outlined in the Court's May 26, 2025, Order.[1] So, the Court provides a brief background of this action's procedural history since the Court's May 26, 2025, Order, which denied Petitioner's Emergency Application for a Temporary Restraining Order ("TRO").[2]

Petitioner filed a Renewed Emergency Application for a TRO on May 26, 2025,[3] and the Court soon after ordered Respondents to respond to the renewed TRO Motion.[4] The next day, Respondents filed their Response.[5] Among other arguments in their Response, Respondents

---

[1] May 26, 2025, Order, ECF No. 14.
[2] *Id.*
[3] *See* Pet'r Renewed Mot. TRO, ECF No. 15.
[4] *See* May 27, 2025, Order, ECF No. 17.
[5] *See* Gov't Resp., ECF No. 18.

1

contend that Petitioner "cannot establish jurisdiction for any claim of his that might bar his removal under Title 8."[6]

After reviewing Respondents' Response, the Court denied Petitioner's renewed TRO Motion and ordered Petitioner to respond to Respondents' jurisdictional allegations.[7] The Court received Petitioner's Response on June 3, 2025.[8]

Also, on May 28, 2025, Petitioner filed an Emergency Motion to Transfer Venue, which requests that this Court transfer the action to the District of Guam.[9] The Court directed Respondents to respond to Petitioner's Motion to Transfer Venue.[10] The Court received Respondents' Response on May 29, 2025,[11] and Petitioner's Reply on May 30, 2025.[12]

## II. ANALYSIS

Before addressing Petitioner's Motion to Transfer Venue, the Court first considers whether the Court has jurisdiction over this action. Respondents argue the Court lacks jurisdiction under Title 8.[13] Specifically, Respondents contend Petitioner is "attempting to use this case to prevent the execution of his Title 8 removal order, but he is not doing so through any approved § 1252 procedure."[14]

To begin, 8 U.S.C. § 1252(g) articulates the following:

> Except as provided in this section and notwithstanding any other provision of law (statutory or nonstatutory), . . . or any other habeas corpus provision, . . . no court shall have jurisdiction to hear any cause or claim by or on behalf of any alien arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or *execute removal orders* against any alien under this chapter.

---

[6] *Id.* at 7.
[7] May 27, 2025, Order, ECF No. 19.
[8] *See* Pet'r Resp., ECF No. 25.
[9] *See* Pet'r Mot. Transfer Venue, ECF No. 20.
[10] *See* May 28, 2025, Order, ECF No. 21.
[11] *See* Gov't Resp, ECF No. 22.
[12] *See* Pet'r Reply, ECF No. 24.
[13] Gov't Resp. 7, ECF No. 18.
[14] *Id.*

(emphasis added).  Said differently, "by its explicit terms, § 1252(g) strips this Court of subject-matter jurisdiction—whether invoked by habeas petition, under the All Writs Act, or under any other statutory or nonstatutory provision of law—to review claims 'arising from' a decision or action to execute a removal order against an alien." *Westley v. Harper*, No. CV 25-229, 2025 WL 592788, at *4 (E.D. La. Feb. 24, 2025) (quoting 8 U.S.C. § 1252(g)).

Respondents proffered evidence that Petitioner's removal is being effectuated under Title 8, namely, the Immigration and Nationality Act.[15]  Respondents also maintain that Petitioner "received notifications from [the Department of Homeland Security] on two separate occasions within the past six weeks making clear that he was subject to removal under Title 8 and that [the Department of Homeland Security] was seeking to remove him on that basis."[16]  Thus, Petitioner's claims here arise from "a decision or action to execute a removal order against an alien." *Id.*  So, Petitioner filed suit with this Court knowing his removal was being effectuated pursuant to Title 8, thereby running afoul of § 1252(g)'s jurisdictional bar.

Additionally, Respondents correctly explain that 8 U.S.C. § 1252(a)(5) designates the proper court for a petitioner to challenge a removal order.  To that end, Respondents argue that if Petitioner "had wanted to challenge the order of removal, he had the right to file an administrative appeal and then file a petition for review in a court of appeals."[17]  Section 1252(a)(5) specifically states that "a petition for review filed with an appropriate court of appeals in accordance with this section shall be the *sole* and *exclusive* means for judicial review of an order of removal entered or issued under any provision of this chapter."  8 U.S.C. § 1252(a)(5) (emphasis added); *see also Nasrallah v. Barr*, 590 U.S. 573, 580 (2020) ("[F]inal orders of removal *may not be reviewed in*

---

[15] *See* Gov't Req. Clarification, ECF No. 11.
[16] Gov't Resp. 5–6, ECF No. 18.
[17] *Id.* at 8.

*district courts*, even via habeas corpus, and may be reviewed only in the courts of appeals." (emphasis added) (citing 8 U.S.C. § 1252(a)(5)).

Petitioner failed to follow the proper procedural mechanism under § 1252(a)(5). And Petitioner cannot now attempt to circumvent § 1252(g)'s jurisdictional bar. For the foregoing reasons, the Court concludes it lacks jurisdiction over this action.

Petitioner's Response concedes this Court lacks jurisdiction, albeit on other grounds than those articulated by Respondents.[18] To be sure, Petitioner's Response fails to address Respondents' jurisdictional arguments, despite being directed to do so. The Court thus construes Petitioner's failure to respond to Respondents' arguments as directed as agreement and concession of Respondents' alleged jurisdictional defects. Indeed, in light of 8 U.S.C. § 1252's jurisdictional limitation, Petitioner and his counsel lacked a basis in law and fact to seek relief in any federal district court.

In sum, this Court lacks jurisdiction over this action pursuant to 8 U.S.C. § 1252.

### III. CONCLUSION

Because the Court lacks jurisdiction, this action is hereby **DISMISSED with prejudice**. Accordingly, all other relief sought by this case which is not expressly granted herein is **DENIED**, including Petitioner's Motion to Transfer Venue (ECF No. 20).

**SO ORDERED** this **5th day** of **June, 2025**.

_____
Reed O'Connor
**UNITED STATES DISTRICT JUDGE**

---

[18] Petitioner contends "Respondents have chosen to move Petitioner to Guam, where venue and jurisdiction now lies." Pet'r Resp. 6, ECF No. 25.